IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF FLORIDA

MARVIN RODRIGUEZ-INCLAN,

    Plaintiff,

JOSEPH KLASS, an assistant state attorney in his official capacity, and KATHERINE FERNANDEZ RUNDLE, in her official capacity as the State Attorney for the 11th Judicial Circuit of Florida,

    Defendants,

_____/

Civil Action
Case No: 26-cv-21617

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARVIN RODRIGUEZ-INCLAN, sues Defendants JOSEPH KLASS ("ASA Klass") and the Office of the State Attorney for the Eleventh Judicial Circuit of Florida ("SAO") (hereinafter sometimes collectively referred as "Defendants") and avers the following:

### INTRODUCTION

1. This is a civil action seeking damages against both Defendants for committing acts depriving Plaintiff of rights secured by the United States Constitution and Florida state law.

2. The federal claims alleged hereinafter are: **Count I**—§1983 claim against the SAO; and **Count II**—§1983 claim against ASA Klass in his official capacity as an assistant state attorney for the Miami-Dade State Attorney's Office ("SAO").

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§1331 and 1343, et seq., this Honorable Court has federal question jurisdiction over Plaintiff's federal civil rights claims under 42 U.S.C. §1983 and 42 U.S.C. §1961-1968, (Counts I and II). The claims are brought under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution.

4. Pursuant to 28 U.S.C. §1391(b), venue properly lies before this Court because the cause of action upon which the complaint is based arose in Miami-Dade County, Florida, which is situated within the vicinage of the United States District Court for the Southern District of Florida.

## THE PARTIES

5. Plaintiff, Marvin Rodriguez-Inclan, is a twenty-year-old Cuban immigrant who is a resident of Miami-Dade County.

6. At all times relevant to this Complaint, Defendant ASA Klass was employed by the State Attorney of the Eleventh Judicial Circuit and acting under color of law as an agent of the Miami-Dade State Attorney's Office within the course and scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, training, and usage by Miami-Dade County and the SAO. Under Count II (§1983), Klass is being sued in his individual capacity for violating clearly established law.

7. At all times relevant to this Complaint, the Miami-Dade State Attorney's Office (SAO) is an agency of the State of Florida operating in Miami-Dade County and lies within the Southern District of Florida.

8. At all times relevant to this Complaint, the SAO was responsible for the policies, practices, and customs of ASA Klass and all assistant state attorneys it employs.

## FACTS

9. On July 20, 2025, Marvin Rodriguez-Inclan was arrested for Fleeing and Eluding [Fla Stat. 316.1935(2)], Reckless Driving [Fla Stat. 316.192], and Failure to Yield [Fla Stat. 316.123].

10. Upon arrest, he was taken to Turner Guilford Knight and subsequently transferred to Metro West Detention Center.

11. At the time of his arrest, ICE placed a hold on the Plaintiff.

12. In October 2025, and because of Plaintiff's lack of criminal history, ASA Klass offered Mr. Rodriguez-Inclan pretrial diversion, which required completion of a driving course.

13. Plaintiff could not complete the course due to the ICE hold and instead elected to file his demand for speedy trial on October 3, 2025.

14. While the demand was pending, the Court released Mr. Rodriguez-Inclan on his own recognizance on October 30, 2025. But he could not be so released due to an immigration hold/detainer.

15. ICE picked the Plaintiff up immediately thereafter, transferring him to Krome Processing Center and then to Alligator Alcatraz.

16. On November 20, 2025, Plaintiff's counsel asked another ASA, Daniel Gutierrez, to facilitate Mr. Rodriguez-Inclan's transfer back to state custody to stand trial. That request went ignored.

17. Mr. Rodriguez-Inclan sat in ICE custody for four months, from November 2025 to February 2026, awaiting transfer back to state custody for trial.

18. Despite knowing that a Habeas Corpus Ad Prosequendum was required from the SAO, ASA Klass refused to file a Habeas Corpus Ad Prosequendum, citing SAO policy preventing him from doing so.

19. Mr. Rodriguez-Inclan then filed his own Petition for Writ of Habeas Corpus.

20. While waiting for the hearing, Plaintiff's counsel reached out to ASA Rachel Morales-Gellis, ASA Klass's supervising attorney, to inquire about facilitating Mr. Rodriguez-Inclan's transfer. ASA Morales-Gellis ignored that correspondence and refused to right the wrong.

21. Upon presenting the claim, the federal court continued the hearing and asked ASA Klass to appear in person to explain why he would not file the Habeas Corpus Ad Prosequendum.

22. Fearful of the consequences of that hearing, ASA Klass finally filed the required documents.

23. ASA Klass's assertion that the SAO implements a policy that denies detained immigrants the right to challenge their charges subverts every principle upon which the criminal legal system is based. More specifically, it denies detained immigrants the right of access to the courts, the right to procedural and substantive due process, the right to confront and cross-examine witnesses against them, and the right to speedy trial, among others.

24. The denial of these fundamental rights is the result of negligent hiring, training, supervision, and promotions, creating a laissez-faire attitude towards the Constitution's most fundamental guarantees.

25. Rather than focus on the *state criminal* law they are tasked with enforcing, ASA Klass and the SAO have become rogue de facto enforcers of immigration law. By blocking criminal defendants from exercising their Sixth Amendment rights, they place themselves in the position of judge, jury, and executioner.

26. Importantly, without allowing detainees to exercise their Constitutional right to a jury trial, people like Mr. Rodriguez-Inclan are effectively stuck in limbo, held in and transferred across several South Florida jails and forced to either agree to deportation or waive their right to a jury trial.

27. Mr. Rodriguez-Inclan and similarly situated detainees are now being punished by the SAO for choosing to assert his rights and force the State to meet their burden.

28. ASA Klass and the SAO knew about and were deliberately indifferent to the consequences of establishing and maintaining the above-referenced policy, which directly caused Plaintiff's constitutional harm.

29. Defendants' recklessness and deliberate indifference towards Plaintiff and those similarly situated bears a substantial causal nexus with the violation of Mr. Rodriguez-Inclan's Constitutional rights pursuant to the 1st, 4th, 5th, 6th, 8th, and 14th Amendments, in violation of 42 U.S.C. §1983.

### SAO'S NEGLIGENT TRAINING, SUPERVISION, DISCIPLINE, AND HIRING

30. The SAO has failed and/or refused to properly supervise ASAs such as ASA Klass and/or engage in meaningful supervision, discipline, and accountability. By implementing the aforementioned policy and cosigning ASA Klass's actions, the SAO has cultivated a permissive attitude towards these violations writ large.

31. Through its action and inaction, the SAO and its agents, including the supervisors in the chain of command, created an environment of impunity where ASA Klass's conduct was foreseeable, permissible, and acceptable.

32. By refusing to act, despite the knowledge of the risk ASA Klass posed to the public, the SAO and its agents impliedly and/or expressly authorized ASA Klass's misconduct.

### PROXIMATE CAUSE AND DAMAGES

33. Prior to his arrest, Mr. Rodriguez-Inclan had a job, attended college, and patiently and hopefully awaited his immigration asylum hearing as many across this country have done.

34. As a result of ASA Klass's actions, Mr. Rodriguez-Inclan has sustained severe trauma and mental anguish. He has been transferred to over six different detention facilities—state and federal—and has been incarcerated since July 2025 despite demanding a speedy trial, not once, but twice.

35. As a direct and proximate result of the recklessness, wanton and willful misconduct, and deliberate indifference of both Defendants, Plaintiff suffered severe and permanent damages,

including, inter alia, emotional distress in the form of anxiety, fear, fright, and depression; various and severe painful bodily injuries; past and future severe psychological and psychiatric injuries and conditions; past and future pain and suffering; past and future medical expenses; past and future embarrassment and humiliation; past and future loss of life's pleasures; past lost wages and loss of future earnings capacity; and/or all other damages as may be permitted under law.

36. Mr. Rodriguez-Inclan is represented by counsel, and they are entitled to be compensated for services in this matter and Mr. Rodriguez-Inclan seeks an attorney's fees award under 42 U.S.C. §1988.

## COUNT I
## 42 U.S.C. §1983 – MUNICIPAL LIABILITY (MONELL CLAIM)
## NEGLIGENT HIRING, NEGLIGENT TRAINING, NGELIGENT SUPERVISION, NEGLIGENT RETENTION, NEGLIGENT PROMOTION
### Against Miami-Dade SAO

37. Plaintiff realleges paragraphs 1—36 as if fully set forth herein and further states:

38. At all relevant times, the SAO was acting under color of state law pursuant to 42 U.S.C. §1983 by overseeing state prosecutors under their command, and/or managing and supervising their affairs, conduct, and activity of prosecutors like ASA Klass who routinely interact with the public to ensure they were acting constitutionally.

39. At all relevant times, the SAO was bound by the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution.

40. Defendant SAO has adopted and maintained a policy, which created conditions that pose an extraordinarily unreasonable risk of constitutional injury, and indeed did cause Plaintiff to sustain constitutional harm through a policy of failing to properly train, supervise, investigate, and discipline state prosecutors to prevent this exact type of violation.

6

41. As described above, ASA Klass's misconduct and abuse of power is so outrageous that it shocks the conscience.

42. The SAO and its agents demonstrate deliberate indifference to a risk of harm so unreasonable and outrageous that it shocks the conscience.

43. Plaintiff was a foreseeable victim because ASA Klass demonstrated a proclivity to abuse power such that when encountering criminal defendants with ongoing immigration proceedings, he would disregard his advocacy duties, cloaked in deliberate attempts to circumvent liability, egregiously violating the provisions of the very Constitution he has sworn to protect.

44. ASA Klass's confidence in his carefully crafted scheme is a direct consequence of the institutional disregard, tolerance, and encouragement provided to him by his superiors and the SAO as a whole.

45. The reckless supervision and deliberate failure of the SAO in the instant case represented a continuation of the widespread and pervasive culture of self-preservation in the SAO whereby the SAO turns a blind eye toward Constitutional violations and deliberately fails to adequately punish and discipline state prosecutors under the guise of prosecutorial discretion.

46. In violation of the 1st, 4th, 5th, 6th, 8th, and 14th Amendments and according to the SAO's policies, ASA Klass denied Mr. Rodriguez-Inclan the procedural and substantive opportunities to challenge his charges and unduly prolonged his incarceration.

47. In violation of the 1st, 4th, 5th, 6th, 8th, and 14th Amendments and while acting under color of state law, the SAO's policies created the danger or risk of harm to Mr. Rodriguez-Inclan, and others, by failing to investigate, supervise, and discipline ASA Klass, thereby facilitating an ever-inflating record of misconduct against civilians, including the despicable acts described herein.

48. The SAO's training, supervision, hiring, and discipline is so lacking—and the patterns suggesting necessity of a more rigorous program so pervasive—that the SAO was deliberately indifferent to the likelihood that future Constitutional violations of this nature were not only likely, but *inevitable* under the SAO's current policy.

49. Defendants' negligence contributes to a culture and environment in the SAO that facilitates and encourages officers like ASA Klass to escalate their behavior with a rubber stamp from their supervisors.

50. Defendants' recklessness and deliberate indifference toward individuals like Plaintiff—as expressed through the failures to train described herein—bears a substantial causal nexus with the violation of Plaintiff's right to substantive due process under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States, in violation of 42 U.S.C. §1983.

51. The acts and omissions of the SAO and ASA Klass were the direct and proximate cause of Plaintiff's injuries, including but not limited to: emotional distress in the form of anxiety, fear, fright, and depression; various and severe painful bodily injuries; past and future severe psychological and psychiatric injuries and conditions; past and future pain and suffering; past and future medical expenses; past and future embarrassment and humiliation; past and future loss of life's pleasures; past lost wages and loss of future earnings capacity; and/or all other damages as may be permitted under law.

52. Mr. Rodriguez-Inclan is represented by counsel and they are entitled to be compensated for services in this matter and Mr. Rodriguez-Inclan seeks an attorney's fees award under 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands judgment against the Defendant SAO, plus compensatory damages, interest, costs and attorney's fees under 42 U.S.C. §1988.

## COUNT II
## 42 U.S.C. §1983 CLAIM
### Against ASA Joseph Klass

53. Plaintiff repeats and realleges each allegation in paragraphs 1—36 as if fully set forth herein.

54. ASA Klass was enabled by the SAO's explicit policy.

55. The harms, injuries, losses, and damages suffered by Plaintiff were directly and proximately caused by the Defendants' negligent and reckless conduct, thereby depriving him of due process under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States, the laws of the United States, in violation of 42 U.S.C. §1983.

56. ASA Klass is a barred attorney in the State of Florida and member of the Florida Bar in good standing. He is not only aware of but is also licensed to and tasked by the State of Florida with enforcing the very Constitutional provisions his actions now violate.

57. The acts and omissions of the SAO and ASA Klass were the direct and proximate cause of Plaintiff's injuries, including but not limited to: emotional distress in the form of anxiety, fear, fright, and depression; various and severe painful bodily injuries; past and future severe psychological and psychiatric injuries and conditions; past and future pain and suffering; past and future medical expenses; past and future embarrassment and humiliation; past and future loss of life's pleasures; past lost wages and loss of future earnings capacity; and/or all other damages as may be permitted under law.

58. Plaintiff is represented by counsel, and they are entitled to be compensated for services in this matter and Mr. Rodriguez-Inclan seeks an attorney's fees award under 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands judgment against ASA Joseph Klass and seeks compensatory and punitive damages, interest, costs and attorney's fees under §1988.

## JURY TRIAL DEMAND

Plaintiff Marvin Rodriguez-Inclan demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed this **12th** day of March, 2025.

> RICHARD J. DIAZ, P.A.
>
> /s/ *Nicole M. Diaz*
> **NICOLE M. DIAZ, ESQ.**
> Florida Bar No.: 1040714
> Email: nicoled@rjdpa.com
> Secondary email: julianne@rjdpa.com
>
> /s/ *Richard J. Diaz*
> **RICHARD J. DIAZ, ESQ.**
> Florida Bar No.: 0767697
> Email: rick@rjdpa.com
> Secondary email: liz@rjdpa.com
>
> /s/ *Carlos R. Salazar, Jr.*
> **CARLOS R. SALAZAR, JR., ESQ.**
> Florida Bar No.: 1027807
> Email: carloss@rjdpa.com
> Secondary email: julianne@rjdpa.com
> 3127 Ponce de Leon Blvd.
> Coral Gables, FL  33134
> Tel.: 305-444-7181
> Fax: 305-402-7879
>
> *Attorneys for Plaintiff*