**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21617-BLOOM/Elfenbein**

MARVIN RODRIGUEZ-INCLAN,

Plaintiff,

v.

JOSEPH KLASS, in his individual capacity and official capacity as an assistant state attorney for the 11th Judicial Circuit, and MIAMI-DADE STATE ATTORNEY'S OFFICE FOR THE 11TH JUDICIAL CIRCUIT OF FLORIDA,

Defendants.
_____________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants Joseph Klass ("Klass") and the Miami-Dade State Attorney's Office for the Eleventh Judicial Circuit's ("SAO") (together, "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. [29] ("Motion to Dismiss"). Plaintiff filed a Response in Opposition, ECF No. [34], to which Defendant filed a Reply, ECF No. [41]. Also before the Court is Plaintiff's Motion for Leave to Amend, ECF No. [46] ("Motion to Amend"). Defendants filed a Response in Opposition, ECF No. [48]. The Court has considered both Motions, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted and the Motion to Amend is denied.

## I. BACKGROUND

Plaintiff is a 20-year-old Cuban immigrant who resides in Miami-Dade County, Florida. ECF No. [28] ¶ 6. Defendant Klass was employed by the SAO, which is an agency of the State of Florida. *Id.* ¶¶ 7, 8.

On July 20, 2025, Plaintiff was arrested for Fleeing and Eluding, Reckless Driving, and Failure to Yield, all in violation of Florida law. *Id.* ¶ 10. Upon arrest, he was taken to Turner Guilford Knight and subsequently transferred to Metro West Detention Center. *Id.* ¶ 11. At the time of his arrest, Immigration and Customs Enforcement ("ICE") placed a hold on Plaintiff. *Id.* In October 2025, because of Plaintiff's lack of criminal history, Klass offered Plaintiff pretrial diversion, which required completion of a driving course. *Id.* ¶ 12. Plaintiff could not complete the driving course due to the ICE hold and instead elected to file his demand for a speedy trial on October 3, 2025. *Id*. While the speedy trial demand was pending, the state court released Plaintiff on his own recognizance on October 30, 2025. *Id.* ¶ 13. However, due to the immigration hold/detainer, ICE picked up Plaintiff immediately and transferred him to Krome Processing Center and then to Alligator Alcatraz. *Id.*

On November 20, 2025, Plaintiff's counsel asked another assistant state attorney, Daniel Gutierrez, to facilitate Plaintiff's transfer back to state custody to stand trial. *Id.* ¶ 14. That request was ignored. *Id.* Between November 2025 and February 2026, Plaintiff sat in ICE custody, awaiting transfer back to state custody for trial. *Id.* ¶ 15. Klass refused to file a Habeas Corpus Ad Prosequendum ("HCAP"), citing SAO policy preventing him from doing so where the criminal defendant is a non-citizen (the "Policy"). *Id.* ¶ 16.

As a result, Plaintiff filed a Petition for Writ of Habeas Corpus in the Southern District of Florida. *Id.* ¶ 17. While awaiting a hearing on that petition, Plaintiff's counsel reached out to assistant state attorney Rachel Morales-Gellis, Klass' supervising attorney, to inquire about facilitating Plaintiff's transfer. *Id.* Morales-Gellis also ignored that correspondence and refused to act even when asked by the trial court. *Id.*

Upon presentation of Plaintiff's habeas claim, the federal court continued the hearing and asked Klass to appear in person to explain why he would not file the HCAP. K *Id.* ¶ 18. Klass then filed the required documents. *Id.*

In March 2026, after being incarcerated for eight months, Plaintiff was tried by jury and acquitted. *Id.* ¶ 19. As a result of Klass' actions, Plaintiff has sustained severe trauma and mental anguish. *Id.* ¶ 20. Prior to his arrest, Plaintiff had a job, attended college, and awaited his immigration asylum hearing. *Id.* ¶ 21.

On March 12, 2026, Plaintiff filed its original Complaint against Defendants. ECF No. [1]. That same day, Plaintiff filed its Amended Complaint. ECF No. [5]. In May 2026, Plaintiff was permitted to file a Second Amended Complaint. ECF No. [26]. The Second Amended Complaint asserts three Counts—Count I: 42 U.S.C. § 1983 Municipal Liability (*Monell* Claim) against the SAO; Count II: 42 U.S.C. § 1983 Civil Rights Violation (*Monell* Claim) against Klass in his official capacity; and Count III: False Imprisonment against Klass individually. ECF No. [28].

In May 2026, Defendants filed the Motion to Dismiss. ECF No. [29]. After Plaintiff responded, ECF No. [34], and Defendants replied, ECF No. [41], Plaintiff filed his Motion to Amend, ECF No. [46]. Both Motions are now ripe.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject-matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501

F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529). "'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation marks omitted); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("[A] factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.") (citation omitted)).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). Once a federal court determines that it is without subject matter jurisdiction, "the court is powerless to continue." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (S.D. Fla. 2023); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) (quoting *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations omitted)). With regard to federal question jurisdiction, the district courts have "original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

**B. Rule 12(b)(6)**

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the

plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019). In considering a motion to dismiss, the court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

## III. DISCUSSION

### A. Counts I and II – *Monell* Liability under 42 U.S.C. §1983

Section 1983 permits suits for money damages against three classes of "persons": state officers in their *individual* capacities, local government officials in their *individual* capacities, and local governments by way of a *Monell* claim. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 & n.24 (1997) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)); *Will*, 491 U.S. at 62; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978).[1] The United States Supreme Court has stated that "§ 1983 actions do not lie against a State." *Arizonans for Off. Eng.*, 520 U.S. at 69 (citing *Will*, 491 U.S. at 71). Similarly, "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Id.* at 69 n. 24 (citing *Will*, 491 U.S. at 71). This prohibition on state § 1983 claims includes *Monell* claims, a species of § 1983 claims, which only operate against *municipalities* for their customs, policies, or practices. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

If an individual wishes to sue a State for "alleged deprivations of civil liberties," he faces a substantial headwind—"[t]he Eleventh Amendment bars such suits unless the State has waived its immunity[ ] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 67 (internal citations omitted). There is an exception to Eleventh Amendment immunity "under the *Ex parte Young* doctrine, which

[1] Suits against local officials in their *official* capacities are "functionally equivalent" to direct suits against municipalities. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

permits 'suits against state officers seeking prospective equitable relief to end continuing violations of federal law.'" *Nicholl v. Att'y Gen. Ga.*, 769 F. App'x 813, 815 (11th Cir. 2019) (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000)). But importantly, *Ex parte Young* only permits injunctive relief, not monetary relief, and only to remedy ongoing violations of federal law; it cannot be used "to adjudicate the legality of past conduct." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999). And claims proceeding under *Ex parte Young* must still satisfy Article III's basic standing requirements. *See WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 514 (6th Cir. 2021) ("To seek the kind of injunctive relief *Ex parte Young* permits, [a plaintiff] must establish that it has standing under Article III.").

**i. Failure to State a Claim**

Defendants first argue that Plaintiff fails to state a claim for which relief may be granted. ECF No. [29] at 4. Defendants point out that the SAO is a state agency, and states, state agencies, and state officials are not "persons" within the meaning of § 1983 and therefore cannot be sued for damages under that statute. In addition, there is no *respondeat superior* liability for a § 1983 claim, and Plaintiff's claims are overly vague, conclusory, and fail to tie particular conduct to particular constitutional violations. *Id.* at 5–6.

Plaintiff responds that he has adequately pled *Monell* liability, having alleged that Klass cited the SAO's Policy in refusing to file an HCAP. ECF No. [34] at 1–2. Plaintiff need not prove a *formal* written policy; instead, "evidence of any custom, policy, pattern, or practice [will] suffice." *Id.* at 2. Moreover, "it is logically inconsistent for any court to take the position that a municipality is 'person' under 1983 but that a state is not." *Id.* at 3. Next, while it is true that *respondeat superior* liability is not available under § 1983, *Monell* allows an agency to be exposed

to § 1983 liability when a policy, custom, pattern, or practice caused the violation of rights. *Id.* at 4. Finally, the Complaint specifically ties the Policy to constitutional violations. *Id*.

Defendants reply that *Monell* does not apply to these Defendants, as they are not a municipality or a subdivision. ECF No. [41] at 1. Moreover, Plaintiff makes a "blanket" claim regarding violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments "without demonstrating which facts may apply as a violation of any one of those amendments." *Id.* at 2–3.

The Court agrees with Defendants that Counts I and II do not state viable claims. Counts I and II assert § 1983 claims by way of *Monell* liability. But Counts I and II are brought against the SAO and Klass, a State entity and State official, respectively, and the law is clear that § 1983 claims in general and, by extension, *Monell* claims in particular, cannot be applied against states or their officials. Thus, Counts I and II, to the extent they seek monetary damages, must be dismissed.

Moreover, the Court agrees that even if a suit could be maintained against the SAO or Klass in his official capacity, Plaintiff fails to sufficiently allege or engage in the analysis required to assert First, Fourth, Fifth, Sixth, Eighth, or Fourteenth Amendment claims. The Second Amended Complaint fails to tie particular conduct to particular constitutional injuries and instead refers in a conclusory manner to an "extraordinary and unreasonable risk of constitutional injury," "constitutional harm," and "constitutional violations." ECF No. [28] ¶¶ 25, 31. Plaintiff argues that the SAO's policy "subverts every principle upon which the criminal legal system is based," but this is not tantamount to specifically enumerating a cause of action. *Id.* ¶ 29. At most, Plaintiff alleges that he was "depriv[ed] of substantive and procedural due process rights under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments," *id.* ¶ 40, but that allegation does not tie particular conduct to

the elements of Plaintiff's constitutional injuries. For these reasons, too, Counts I and II are due to be dismissed.

### ii. No Standing for Injunctive Relief

Finally, turning squarely to Plaintiff's pursuit of injunctive relief in Counts I and II, Defendants argue that because Plaintiff has not alleged any facts that demonstrate he will be subject to future injury as a result of Defendants' alleged actions, any claims for injunctive relief should be denied. ECF No. [29] at 17–18. Plaintiff responds that courts may issue injunctions to prevent State officials from enforcing unconstitutional laws or policies, and as such, the Court should enjoin the SAO from enforcing its facially unconstitutional policy. ECF No. [34] at 5. As for Klass, Plaintiff argues that he was either acting outside the scope of his prosecutorial authority or pursuant to authority that is unconstitutional. *Id.* at 5–6. Defendants reply Plaintiff has no standing to seek an injunction, as he does not plausibly allege that he is likely to be impacted by the allegedly unconstitutional policies in the future. ECF No. [41] at 4.

Article III of the Constitution restricts the subject matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "Perhaps the most fundamental doctrine that has emerged from the case-or-controversy requirement is that of standing." *Women's Emergency Network v. Bush*, 323 F.3d 937, 943 (11th Cir. 2003). It is the plaintiff's burden to prove standing. *Steele v. Nat'l Firearms Act Branch*, 755 F.2d 1410, 1414 (11th Cir. 1985). To do so, a plaintiff must plead that:

> (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision.

*Women's Emergency Network*, 323 F.3d at 943 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Importantly, a plaintiff "must clearly and specifically set forth facts sufficient

to satisfy these Art. III standing requirements," and "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155–56 (1990).

Here, Plaintiff has not sufficiently alleged standing. Eleventh Circuit precedent makes clear that, "to have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001). Here, Plaintiff has failed to allege that any allegedly unconstitutional policies will be applied to him again in the future—that he will be re-arrested for any criminal offense and re-transferred to ICE detention such that the Policy could be applied to him. Notwithstanding this, in Counts I and II, he seeks prospective injunctive relief. As such, the standing element of jurisdiction has plainly not been met, and Counts I and II must be dismissed for this reason as well.[2]

**B. Count III – False Imprisonment**

Regarding Plaintiff's state law claim of false imprisonment against Klass in his individual capacity, Defendants argue that the Court should decline to exercise supplemental jurisdiction if the federal claims are dismissed. ECF No. [29] at 14. Plaintiff does not directly respond to this argument. *See generally* ECF No. [34].

A court may decline to exercise supplemental jurisdiction over state claims if all federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *see also Walker v. Williams*, No. 20-CV-99, 2021 WL 753922, at *2 (M.D. Ga. Feb. 10, 2021), aff'd, No. 21-10597, 2022 WL 363809 (11th Cir. Feb. 8, 2022). Indeed, the Eleventh Circuit expressly "encourage[s] district courts to

---

[2] Because the Court dismisses Counts I and II on the bases described above, the Court does not engage with the parties' additional arguments regarding Eleventh Amendment Immunity.

dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Thus, the Court will decline to exercise supplemental jurisdiction as to Plaintiff's state law claim in Count III.[3]

**C. Motion to Amend**

As a final matter, the Court addresses Plaintiff's Motion to Amend, which seeks to file a Third Amended Complaint. ECF No. [46]. In the Motion to Amend, Plaintiff seeks to maintain his three causes of action but include "additional supporting exhibits relating to the claims." *Id.* ¶ 9. He argues that there is no "prejudice, delay, or futility" at issue here. *Id*.

Defendants respond that leave to amend should be denied, as "Plaintiff's purported amendments ultimately would be proven futile" considering Defendants' raised sovereign immunities. ECF No. [48] at 3. Furthermore, Plaintiff's additional factual allegations fail to state a claim upon which relief may be granted. *Id.* at 4.

The Court agrees with Defendants that the amendments proposed by Plaintiff would not save his claims; they would still be subject to immediate dismissal. Plaintiff's proposed Third Amended Complaint still seeks to proceed against the SAO and Klass in his official capacity under § 1983, still fails to tie particular conduct to particular constitutional injury, and still has a fundamental standing issue with respect to injunctive relief under Counts I and II. In light of those deficiencies, declining supplemental jurisdiction of the state law claim would still be appropriate. In sum, any amendment, including the one proposed by Plaintiff, would be futile. Thus, the Court denies Plaintiff's Motion to Amend.

---

[3] Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim in Count III, the Court does not reach the parties' arguments regarding prosecutorial immunity, qualified immunity, state sovereign immunity, or failure to comply with state notice requirements.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [29]**, is **GRANTED.**
2. The Second Amended Complaint, **ECF No. [28]**, is **DISMISSED**. Counts I and II are **DISMISSED WITH PREJUDICE**, and Count III is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff's Motion to Amend, **ECF No. [46]**, is **DENIED**.
4. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;
5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 19, 2026.



**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record